**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAULA GARCIA RIVERA, individually
and in her capacity as successor-in-interest;
ESTATE OF GERARDO CRUZ-
SANCHEZ, by and through his successor-in-
interest Paula Garcia Rivera,

        Plaintiffs-Appellants,

 v.

UNITED STATES OF AMERICA,

        Defendant-Appellee,

 and

DAVID LANDIN, C.O., in his individual
and official capacities; et al.,

        Defendants.

No.   22-55461

D.C. No. 3:17-cv-00569-AJB-NLS

MEMORANDUM[*]

PAULA GARCIA RIVERA, individually
and in her capacity as successor-in-interest;
ESTATE OF GERARDO CRUZ-
SANCHEZ, by and through his successor-in-
interest Paula Garcia Rivera,

        Plaintiffs-Appellants,

No.   22-55462

D.C. No. 3:17-cv-00569-AJB-NLS

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

DAVID LANDIN, C.O., in his individual and official capacities; CORECIVIC, INC., FKA Corrections Corporation of America,

Defendants-Appellees,

and

UNITED STATES OF AMERICA; DOES, 1-20, inclusive,

Defendants.

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted December 7, 2023[**]
Pasadena, California

Before: BEA, M. SMITH, and VANDYKE, Circuit Judges.

After Gerardo Cruz-Sanchez died of pneumonia during a stay in a federal detention facility, his wife and estate sued the United States, the owner and operator of the facility, CoreCivic, and one of the detention officers, David Landin. A jury returned a verdict for CoreCivic and Landin on all the claims against them, and the district judge found the United States not liable for the claims against it. Plaintiffs

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

now argue that the district court erred by instructing the jury as to California's Bane Act claim against Landin and CoreCivic, and by preventing their expert witness from testifying as to Cruz-Sanchez's appearance in the days before he died. The district court had jurisdiction under 28 U.S.C. §§ 1332 and 1346 and this court has jurisdiction under 28 U.S.C. § 1291. We affirm.

Gerardo Cruz-Sanchez was detained as a material witness in an 8 U.S.C § 1324 prosecution in early February 2016. He was brought to the Otay Mesa Detention Center, owned and operated by CoreCivic, on February 11. Between February 11 and February 21, Cruz-Sanchez was seen by medical staff on six different days for an intake evaluation, for headaches, sore throat, and a cough, and for an initial examination. On February 26, Cruz-Sanchez was taken to a hospital where he died of complications from pneumonia. Cruz-Sanchez's estate and his widow, Paula Garcia Rivera, brought a lawsuit against CoreCivic, one of its guards, David Landin, and the United States. Relevant to this appeal, Plaintiffs claimed negligence, wrongful death, and violations of the Bane Act by CoreCivic and Landin.[1] They argued that Landin was deliberately indifferent to Cruz-Sanchez's serious medical needs, causing his death.

At trial, the core issue was whether Landin was negligent or deliberately

---

[1] Plaintiffs' complaint alleged six counts including Federal Tort Claims Act counts against the United States, but Plaintiffs concede that they have not addressed those counts in this appeal.

3

indifferent to Cruz-Sanchez's medical needs between his last medical visit on February 21 and his hospitalization on February 26. Plaintiffs presented deposition testimony from Cruz-Sanchez's roommate in the detention facility, Alejandro Chavez-Lopez. Chavez testified that he asked Landin for help for Cruz-Sanchez between February 22 and 26, but Landin mocked him, told him not to ask for help, and told him that nobody was going to help unless Cruz-Sanchez was dying.

But CoreCivic presented Landin's testimony, the detention facility's shift roster, and the logbook for Cruz-Sanchez's pod, which evinced that Landin did not work in the facility at all from February 18 to February 21, and did not work in Cruz-Sanchez's pod from February 22 to February 25. Landin also testified that he "would never conduct [him]self in that manner or speak to any individual" as claimed by Chavez, and that the comments Chavez claimed Landin made "did not occur." CoreCivic also presented evidence that significantly discredited Chavez. First, Plaintiff Rivera, Cruz-Sanchez's wife, testified that Chavez told her to file the lawsuit and demanded a portion of the judgment if she won. Second, Chavez admitted to pleading guilty to felony fraud in 2005.

Plaintiffs also called a medical expert, Dr. Todd Wilcox, to testify that, based on Cruz-Sanchez's medical condition, he would have appeared gravely ill to the detention officers and others who saw him. In Wilcox's expert report, he explained that based on Cruz-Sanchez's oxygenation level on February 26, "he would have

4

appeared gravely ill even to a lay person." But during trial, Plaintiffs failed to elicit that opinion from Dr. Wilcox during direct examination. Instead, during redirect, Plaintiffs' counsel asked Wilcox, "[I]n the days before February 26th, how would Mr. Cruz have appeared to just a lay person?" CoreCivic objected, arguing that the question was "beyond the scope of cross." The court sustained the objection and said that "[i]t lacks foundation. Calls for speculation. Outside the scope of the report."

The jury returned a verdict for CoreCivic and Landin on all counts and Plaintiffs have timely appealed. They argue that the district court erred by (1) excluding Wilcox's testimony, and (2) instructing the jury as to the elements of the Bane Act claim.

First, the district court did not abuse its discretion in excluding the expert's testimony. "The practice is uniform that redirect examination is normally limited to answering any new matter drawn out in the next previous examination," and the district court did not abuse its discretion by following this general rule. *Murray v. Toyota Motor Distrib., Inc.*, 664 F.2d 1377, 1380 (9th Cir. 1982) (alterations omitted). Here, Plaintiffs do not dispute that the question was beyond the scope of cross, instead arguing that while CoreCivic's objection was on that basis, the district court's ruling was not. But even assuming the district court sustained the objection on only the other bases, this court may affirm a ruling excluding evidence "on any

5

basis supported by the record." *United States v. Gonzalez-Rincon*, 36 F.3d 859, 866 (9th Cir. 1994).

Second, any error in the Bane Act jury instruction was harmless. California's Bane Act provides a civil remedy when a person "interferes by threat, intimidation, or coercion" with an individual's constitutional rights. Cal. Civ. Code § 52.1(b), (c). The Act also provides that "[s]peech alone is not sufficient to support an action" under the Act unless three conditions are met. *Id*. § 52.1(k). Plaintiffs argue that it was error for the district court to instruct the jury that speech alone is insufficient because it required them "to prove 'threats, intimidation, or coercion beyond that inherent in the constitutional violation itself.'" But even assuming arguendo that there was error, reversal from an erroneous jury instruction "is not warranted if 'the error is more probably than not harmless.'" *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1065 (9th Cir. 2020) (quoting *Swinton v. Potomac Corp.*, 270 F.3d 794, 805 (9th Cir. 2001)).

Here, the jury was unlikely to have found Landin liable even if it were not instructed as to the speech requirement. CoreCivic and Landin presented evidence showing that Landin was not working in Cruz-Sanchez's pod during the relevant time and discrediting the only evidence to the contrary: Chavez's testimony. The jury also found that Landin was not negligent based on the same evidence, which indicates that it credited CoreCivic and Landin's evidence that Landin was not in

6

Cruz-Sanchez's pod over Chavez's testimony that he was. Thus, any error in the jury instruction on the Bane Act claim was harmless.

**AFFIRMED.**